JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR -8 1981

PATRICIA D. HOWARD
CLERK OF THE PANEL

4/8/81

DOCKET NO. 454

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE EXTERIOR SIDING AND ALUMINUM COIL ANTITRUST LITIGATION

TRANSFER ORDER

This litigation consists of three actions pending in three districts -- one action each in the Northern District of California, the Northern District of Illinois and the District of Minnesota. Presently before the Panel is a motion, as amended, by nine corporations that are defendants in all three actions to centralize, pursuant to 28 U.S.C. §1407, the actions in this litigation in the District of Minnesota for coordinated or consolidated pretrial proceedings. Plaintiffs in the California action have cross-moved to centralize the actions in the Northern District of California or, alternatively, the Northern District of Illinois. Plaintiffs in the Minnesota action have joined in the cross-motion. Plaintiff in the Illinois action also favors centralization and supports selection of the Northern District of Illinois or, in the alternative, the Northern District of California as the transferee forum. No responding party has opposed centralization.

On the basis of the papers filed and the hearing held, the Panel finds that the three actions involve common questions of fact and that centralization of the actions under 28 U.S.C. §1407 in the District of Minnesota will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All three actions allege a nationwide antitrust conspiracy among defendants, extending from the use of production capacity for aluminum coil to the production, distribution and sale of exterior siding and related building products and accessories. Overlapping class certifications have also been sought in all three actions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Although no forum could be described as the nexus of this litigation, on balance we are persuaded that the District of Minnesota is the appropriate transferee forum because the action there is most advanced. The Minnesota action has been pending in that district for over five years. Rulings have been made on amendments to the complaint, discovery issues, a noncommunication order, class certification motions and other matters. In contrast, the Illinois and California actions have been pending for a little more than four months.

−2−

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions listed on the attached Schedule A and
pending in districts other than the District of Minnesota
be, and the same hereby are, transferred to the District
of Minnesota and, with the consent of that court, assigned
to the Honorable Charles R. Weiner, sitting by designation
pursuant to 28 U.S.C. §292(d), for coordinated or consolidated
pretrial proceedings with the action already pending in
that district listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-454 -- In re Exterior Siding and Aluminum Coil Antitrust Litigation

District of Minnesota

Hoyt Construction Co., Inc., et al. v. Alside, Inc., et al.,
    C.A. No. 4-75-257

Northern District of California

Western Builders, Inc., et al. v. Alside, Inc., et al.,
    C.A. No. C80-4400-MHP

Northern District of Illinois

Midwest Builders and Materials, Inc. v. Alside, Inc., et al.,
    C.A. No. 80C6804